[Civ. No. 26322.   Second Dist., Div. Two.   Dec. 20, 1962.]

ALBERT I. SEITZMAN et al., Plaintiffs and Respondents, v. EARL WHITE et al., Defendants and Appellants.

Powers, Himrod & Pepys and Walter R. Powers for Defendants and Appellants.

Sheldon R. Caplow for Plaintiffs and Respondents.

HERNDON, J.—This appeal is taken from the order of the trial court denying appellants' motion to vacate and set aside a judgment entered against them pursuant to a written stipulation.

The record before us reveals that the action was commenced on December 5, 1960, when respondents herein filed their complaint seeking recovery of monies due upon a promissory note. Appellants filed a demurrer on December 19, 1960. No indication as to a ruling thereon appears, but on April 25, 1961, respondents filed an amended complaint. On May 16, 1961, appellants' motion to strike the amended complaint was denied, and their answer was filed. On June 30, 1961, respond-

ents filed a motion for summary judgment. No ruling on this motion was ever made by reason of the fact that the parties arrived at a settlement which was evidenced by a written instrument entitled "Stipulation For Judgment" dated July 12, 1961, and filed October 9, 1961.

This stipulation provided that respondents were to take judgment against appellants in the amount of $5,510.28, plus attorney's fees in the sum of $500. It was provided, however, that such agreed judgment would not be entered or executed upon if appellants paid $750 upon the signing of the stipulation and $500 per month commencing August 12, 1961, and continuing monthly thereafter until paid in full. It was further stipulated that "if defendants fail to make any one payment when due plaintiffs shall immediately upon the obtaining of the affidavit of plaintiff Albert Seitzman to the effect that a payment has not been made cause this judgment to be entered and plaintiffs may then execute upon this judgment as against all defendants and duly record this judgment and proceed with any remedy plaintiffs deem advisable, for the full amount remaining due."

Said stipulation further provided: "Defendants, by and through their respective counsel, waive all findings of fact and conclusions of law and all rights to appeal and waive any right to notice of the entry of this judgment or the filing of the same. Defendants, by and through their respective counsel, further waive any right whatsoever in the event of nonpayment of a payment when due to any objections whatsoever to the entry of the judgment, its recordation and any writs of execution levied against said judgment and waive any objections whatsoever to any affidavits to be submitted in support of the entry of the judgment as provided for herein."

Appellants paid the initial $750 and the first monthly installment of $500. Thereafter nothing was paid. In accordance with the terms of the stipulation, judgment was entered on October 9, 1961. On November 9, 1961, appellants filed their notice of motion to vacate and set aside the judgment and for leave to file an amended answer and cross-complaint. The points and authorities in support thereof indicate that it was based upon section 473 of the Code of Civil Procedure. Most of the allegations contained in the affidavit filed in support of the motion and in the proposed answer and cross-complaint which were filed in conjunction therewith, are manifestly ineffective, because, as appellants necessarily concede, they allege facts fully known to them prior to their execution of the stipulation,

The only allegations that conceivably could have served as a sufficient basis for an order granting appellants' motion are to the effect that the respondents promised to ''cooperate with affiant [appellant Earl White] in selling, refinancing and developing other properties owned by affiant to the end that from such refinancing and selling, sufficient funds would be available for paying off the balance of said Stipulated Judgment, without any of the $500.00 monthly installments being paid out of affiant's own funds.'' Attached to this affidavit is an unsigned and undated instrument allegedly presented to the affiant at some unspecified time prior to the execution of the stipulation. Had it been signed by said appellant, it would have constituted an agreement by him to pay respondents a five percent finder's fee for any person respondents might find to ''aid the undersigned in either selling, financing, and/or developing his various properties.'' Evidently it was not intended that this document would be signed by respondents or that they would be bound by its terms to perform any work thereunder. Appellants allege that respondents never intended to perform their promises and that appellants would not have signed the stipulation except for such promises.

Respondents filed a counter-affidavit denying that any of the representations or promises alleged by appellants were ever made. Respondents' attorney also filed an affidavit alleging that the stipulation resulted solely from the efforts of the respective counsel of the parties to effect an amicable solution; that after it had been signed by both attorneys in the courtroom, appellants' counsel requested that he be permitted to take it with him and obtain his clients' signatures thereon in addition to his own; that it was thereafter returned to him signed by all appellants and accompanied by a check for the initial payment; and, finally, that in the various communications between counsel following appellants' defaults in their payments, no mention whatsoever was made concerning the matters now asserted by appellants as the grounds upon which they seek relief.

As the California Supreme Court recently stated in *Luz* v. *Lopes*, 55 Cal.2d 54, 62 [10 Cal.Rptr. 161, 358 P.2d 289] : '' 'It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon

important business his motion for relief under section 473 will be denied. . . . Courts neither act as guardian for incompetent parties nor for those who are grossly careless of their own affairs.' ██ The burden of proof on such a motion is on the moving party who must establish his position by a preponderance of the evidence. [Citations.] ██ It is for the trial court to determine all conflicts in the testimony or affidavits [citations] ; and if there is a conflict the determination of the trial court is conclusive on appeal [citations]."

██ As we have shown, the opposing affidavits here were directly conflicting. It is plainly apparent from a mere statement of the substance of the documents presented to the trial court that its decision was entirely reasonable and certainly constituted no abuse of discretion.

The order under review is affirmed.

Fox, P. J., and Ashburn, J., concurred.